| |
|---|
| DISTRICT OF NEW JERSEY <br> UNITED STATES BANKRUPTCY COURT |
| **Caption in Compliance with D.N.J. LBR 9004-2(c)** <br><br> Lynn T. Nolan, Esq. (ID # 039952011) <br> SCHILLER & KNAPP, LLP <br> 30 Montgomery Street, Suite 1205 <br> Jersey City, New Jersey 07302 <br> (518) 786-9069 <br> Attorneys for Creditor, <br> Bayview Loan Servicing, LLC |

In Re:

    Robert C. Miller,

              Debtors.

Case No.:  15-18117-ABA

Hearing Date:  July 15, 2015

Judge:  Hon. Andrew B. Altenburg, Jr.

Chapter:  13

### OBJECTION TO CONFIRMATION OF PLAN

Bayview Loan Servicing, LLC (hereinafter "Bayview") by its attorneys Schiller & Knapp, LLP, as and for its objection to the Chapter 13 plan of the Debtor, states as follows:

1. The Court has jurisdiction over this objection pursuant to 28 U.S.C. §157(b)(2)(L), 28 U.S.C. §1334, and 11 U.S.C. §§1322 and 1325.  This is a core proceeding.

### Background

2. Bayview is a secured creditor in the above-referenced bankruptcy case.  On October 30, 2006, Debtor and Jamie Miller borrowed $192,000.00 from Bear Sterns Residential Mortgage Corporation. The loan was evidenced by a note, which was secured by a mortgage on real

property commonly known as 9 West Rising Sun Drive, Ocean View, New Jersey 08230. The loan was later assigned to Bayview.

### Basis for Objection to Confirmation of Plan

3. The Debtor filed for relief under Chapter 13 on April 30, 2015

4. According to the information provided by Bayview the pre-petition arrears were $156,121.75 as of the date of filing.

5. The Debtor's Chapter 13 Plan fails to mention the loan owed to Bayview, therefore, it is unclear how the Debtor intends to treat Bayview's secured claim. A copy of Debtor's Chapter 13 Plan is annexed hereto and made a part hereof as Exhibit "A"

### Conclusion

6. As set forth hereinabove, the Debtor's plan does not comply with the provisions of 11 U.S.C. §1322(b)(2) by failing to provide for full payment to Bayview.

WHEREFORE, for the reasons set forth hereinabove Bayview, respectfully requests that Debtor's plan not be confirmed as filed. If the Plan is amended to cure Bayview's objection it is respectfully requested that Bayview be allowed attorney's fees in the amount of $350.00 to be paid through the Plan.

D ATED:    July 10, 2015                Bayview Loan Servicing, LLC
                                        By Its Counsel

                                        /s/ Lynn T. Nolan, Esq.
                                        Lynn T. Nolan, Esq. (ID # 039952011)
                                        SCHILLER & KNAPP, LLP
                                        30 Montgomery Street, Suite 1205
                                        Jersey City, New Jersey 07302
                                        (518) 786-9069
                                        Email: lnolan@schillerknapp.com